

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7616 | **DATE** | 7/23/2003 |
| **CASE TITLE** | William Handy vs. Dept of Social Security etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We treat plaintiff's allegations as a motion for relief from our order of April 14, 1998, which would allow us to review the SSA's decision under 42 U.S.C. Section 405(g). Defendant SSA is ordered to respond to this motion as to why such relief would be improper and why the case should not be reopened by August 22, 2003. In short, we need some help in determining where, procedurally and substantively, this claim is.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 7-28-03 date docketed | 15 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HANDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 97 C 7616 |
| | ) | |
| DEPARTMENT OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, Cook County, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JUL 2 8 2003

### MEMORANDUM OPINION AND ORDER

Plaintiff William Handy originally brought this action in 1997, appealing a decision by the defendant, the Department of Social Security Administration (SSA). In September 1991, he allegedly became eligible for disability benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, due to rheumatoid arthritis. The SSA originally granted his claim for benefits but later reversed part of that decision. Plaintiff alleged that the reversal resulted from the fact that the SSA lost his paperwork and did not properly process the claim. On April 14, 1998, we entered an order reversing the final decision of the SSA, remanding the case and ordering additional fact-finding pursuant to 42 U.S.C. § 405(g).

It is unclear what exactly has happened since April 14, 1998. Plaintiff alleges that he has been told that a full new hearing would be required, which has not been scheduled, told that there was a ruling partially in his favor and that he should currently be receiving payments, all from different groups within the SSA. In any case, it has been over five years since our order in this case and plaintiff's claims have not been resolved.

15

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows us to relieve a party from judgment for any reason justifying such relief. We treat plaintiff's allegations as a motion for relief from our order of April 14, 1998, which would allow us to review the SSA's decision under 42 U.S.C. § 405(g). Defendant SSA is ordered to respond to this motion as to why such relief would be improper and why the case should not be reopened. In short, we need some help in determining where, procedurally and substantively, this claim is.

JAMES B. MORAN
Senior Judge, U. S. District Court

July 23 , 2003.