Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7616 | **DATE** | 3/5/2004 |
| **CASE TITLE** | WILLIAM HANDY vs. JO ANNE B. BARNHART | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion And Order. The decision of the Appeals Council is affirmed. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 08 2004 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HANDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 97 C 7616 |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
MAR 8 2004

MEMORANDUM OPINION AND ORDER

Plaintiff William Handy brought this action in 1997 against the Department of Social Security Administration (SSA), appealing its decision to deny him disability insurance benefits. Plaintiff alleges that since September 1991 he has been eligible for disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, due to his rheumatoid arthritis. Administrative Law Judge Richard Palewicz agreed with plaintiff in a decision issued on April 9, 1996, in which he found plaintiff disabled as of September 1, 1991, and awarded him disability insurance benefits. Six months later ALJ Palewicz released an amended decision stating that plaintiff had been disabled only since February 18, 1994. The amended decision also stated that Handy was not entitled to disability insurance benefits because he had not established his disability while he was insured for benefits.

Handy alleges that the ALJ's amended decision resulted from the SSA's loss of paper work and improper processing of his claim. On April 14, 1998, we reversed the final decision of the SSA, remanded the case, and ordered additional fact-finding pursuant to 42 U.S.C. § 405(g). Then, in July 2003, over five years after we remanded the case, plaintiff filed a letter alleging that his case still had not been resolved. We treated his pleading as a motion for relief

from our order to remand and ordered the SSA to explain why such relief would be improper.

The SSA filed a response and a procedural history of Handy's case, explaining what happened since our remand in April 1998. Pursuant to the court's order, the SSA reassigned plaintiff's case to ALJ Robert Asbille, who found that Handy was not disabled until February 18, 1994. Plaintiff contested these findings, filing written exceptions alleging that he had been disabled since 1991, when he filed his first application for disability. The SSA's Appeals Council took jurisdiction of the case on January 9, 2003. After the Council proposed to find Handy eligible for Supplemental Security Income (SSI), but ineligible for disability insurance benefits, it allowed plaintiff 30 days to submit any comments or new evidence for consideration before it issued a written decision. Plaintiff did submit comments; however, the Appeals Council's decision did not change. Just as ALJ Palewicz found in his amended decision and ALJ Asbille found in his decision, the Council found that plaintiff was disabled as of February 18, 1994, and was not entitled to disability insurance benefits. The Council also concluded that Handy was entitled to SSI.

Now that we know the procedural history of plaintiff's case since the court's 1998 remand, we treat his July 2003 letter as a request for judicial review of the SSA's final decision. Plaintiff contests the Appeals Council's finding that he was not disabled until February 18, 1994, and therefore ineligible for disability insurance benefits.

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in a federal district court. A decision by the SSA's Appeals Council is a final decision by the Commissioner. 20 CFR §§ 404.900(a)(4)-(5); See Sims v. Apfel, 530 U.S. 103, 106-07 (2000). A review of this decision is not *de novo* for the

"findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *See* 42 U.S.C. § 405(g). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Maggard v. Apfel, 167 F.3d 376, 379 (7th Cir. 1999). The question we ask when assessing the SSA's determination of the onset date of plaintiff's disability is whether there is substantial evidence in the record to support that date, not whether evidence could have supported an earlier date. Henderson v. Apfel, 179 F.3d 507 (7th Cir. 1999). When determining the onset date of a disability, the ALJ should consider "(1) the claimant's allegations as to the onset date; (2) the date that the claimant left work; and (3) medical evidence of onset." *Id.* at 513, *citing* Stein v. Sullivan, 892 F.2d 43, 46 (7th Cir. 1990) and Nolen v. Sullivan, 939 F.2d 516, 519 (7th Cir. 1991). Of these three factors, the medical evidence is the most significant. Henderson, 179 F.3d at 513.

As the Appeals Council notes in its decision, it did not adopt the ALJ's findings but, rather, considered the evidence and issued its own findings on the issues in contention: whether the plaintiff filed an application in 1991 and whether he was disabled prior to 1994. The Council noted plaintiff's claim that he has been disabled since 1991, the year he allegedly filed his first application with the SSA. The Council's investigation found no evidence that plaintiff applied for disability insurance benefits or SSI before 1994. Next, it discussed the lack of medical evidence of disability prior to 1994. The Council's decision states that "[a]ccording to the medical evidence of record and the claimant's testimony given at the hearing, he does not have a medical treatment record for 1991-1993." Medical findings from 1994, however, showed that plaintiff suffered from significant limitation of movement due to

rheumatoid arthritis. Based on the medical evidence, the court found plaintiff disabled as of February 18, 1994. Apparently, given that the medical evidence did not establish a disability until 1994, the Appeals Council did not address plaintiff's employment prior to this time (as ALJ Palewicz did in his amended decision). The Council did not specify the date that plaintiff stopped working; rather, it found that he had not worked since February 18, 1994, the date he filed his application for benefits. While the Council found plaintiff eligible for SSI, it denied him disability insurance benefits because his insured status under Title II ended June 30, 1992, over a year and-a-half before he established his disability. In order to receive disability insurance benefits, an individual must establish disability while in insured status. 42 U.S.C. §§ 423(a)(1)(A), (c)(1); 20 C.F.R. § 404.131.

The Appeals Council's decision reveals substantial evidence to support its finding that plaintiff was disabled as of February 18, 1994, but not before. As the Council highlights, the record contains no evidence supporting plaintiff's contention that he was disabled prior to 1994, other than his own testimony; at times, even plaintiff's testimony runs counter to a finding of disability before 1994. At his March 12, 1996, hearing, plaintiff admitted to working at a variety of jobs between September 1990 and December 1993. His Vocational Report dated March 8, 1994, lists six jobs he held during this period. Plaintiff's February 18, 1994, application for disability insurance benefits, also undermines his attempts to prove that his disability began at an earlier date. Though plaintiff contends that he filed an application for disability benefits in 1991, his signed 1994 application attests to the fact that "No previous application has been filed with the Social Security Administration by or for me." Furthermore, the only medical evidence of the onset of plaintiff's disability before 1994 is his disability report statement that he saw Dr. Rudolpho Casaclang between September 1992 and

November 1992. Even if true, this does not support a finding of disability before the termination of his insured status on June 30, 1992. Nor is this single reference to a doctor's visit before February 18, 1994, enough to justify reversing the decision of the Appeals Council. Given that the Council's determination of the onset date is supported by the evidence, its ruling on plaintiff's eligibility for SSI and ineligibility for disability insurance benefits is proper.

## CONCLUSION

For the foregoing reasons, the decision of the Appeals Council is affirmed.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 5, 2004.